UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK EDWARDS,

    Plaintiff,

v.                                            Case No: 8:14-cv-1326-T-36MAP

LEACH INTERNATIONAL and DRI
RELAYS, INC.,

    Defendants.
_____/

# **O R D E R**

This cause comes before the Court upon the Motions to Dismiss for Lack of Personal Jurisdiction filed by Defendant Leach International ("Leach") (Doc. 67) and Defendant DRI Relays, Inc. ("DRI") (Doc. 116), as well as Plaintiff Mark Edwards' Second Alternative Motion to Sever and Transfer Venue (Doc. 119) (collectively, the "Motions"). Plaintiff responded to each of the Motions to Dismiss for Lack of Personal Jurisdiction (Docs. 73 and 137, respectively). Leach replied in further support of its Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 84). Among others, Leach and DRI responded to Plaintiff's Second Alternative Motion to Sever and Transfer Venue (Docs. 135 and 138, respectively).

After the Court scheduled a hearing on these and several other related motions, Plaintiff submitted a Notice to the Court and Defendants in Advance of Oral Argument (Doc. 134). On February 12, 2015, the Court held a hearing and oral argument to clarify the parties' positions on, *inter alia*, the Motions. *See* Doc. 139. Following the hearing, in accordance with the Court's order at the hearing, Leach and DRI submitted additional Notices regarding their positions on the Motions (Docs. 143 and 145, respectively). Upon review of these submissions, the Court ordered additional briefing on the Motions. *See* Doc. 146. Plaintiff submitted a Memorandum of Law in

Response to the Court's Order (Doc. 147), and Leach submitted a Brief in Response to Plaintiff's Memorandum of Law (Doc. 152).

The Court, having considered the parties' submissions and oral argument, and being fully advised in the premises, will now GRANT-IN-PART the Motions to Dismiss for Lack of Personal Jurisdiction filed by Leach and DRI, and GRANT Plaintiff's Second Alternative Motion to Sever and Transfer Venue.

I.  BACKGROUND

This litigation arises over a fatal airplane crash that occurred in Polk County, Florida, in June 2012. *See* Doc. 1 ¶¶ 1, 3. Plaintiff alleges that Leach and DRI, among others, played various roles in the manufacture, marketing, and sale of the components of the ill-fated plane. *See id.* ¶¶ 6-15. Claims were brought against a total of ten separate defendants. The Complaint was filed in this district, the Middle District of Florida.

Shortly after the case was filed, several defendants, including Leach and DRI, filed motions to dismiss asserting a lack of personal jurisdiction in Florida. After briefing, Plaintiff ultimately stated that he no longer opposes any argument that Florida lacked personal jurisdiction over, *inter alia*, Leach and DRI. *See* Docs. 134, 137. Plaintiff instead seeks to sever and transfer the claims asserted against Leach and DRI to the United States District Court for the District of Delaware. *See* Doc. 134.

Leach and DRI, which are both incorporated in Delaware, do not dispute that they are subject to personal jurisdiction in Delaware, or that venue is proper there. However, they argue that transfer is inappropriate, and contend that they should simply be dismissed on the basis of a lack of personal jurisdiction in Florida.

## II. DISCUSSION

In light of Plaintiff's stated non-opposition to Leach and DRI's position that they are not subject to personal jurisdiction in Florida, *see* Docs. 134, 137, the Court will, accordingly, hold that it lacks personal jurisdiction over Leach and DRI, and will, to that extent, grant Leach and DRI's motions to dismiss for lack of personal jurisdiction. Therefore, the question remaining is whether the claims asserted against Leach and DRI should simply be dismissed, or whether they should instead be transferred to the United States District Court for the District of Delaware.

Plaintiff argues that transfer is appropriate under 28 U.S.C. § 1631, which provides that if a court finds there to be a "want of jurisdiction" over a civil action, the court shall "transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed," if doing so would be "in the interest of justice." 28 U.S.C. § 1631.

It is undisputed that the Delaware District Court is a court in which the action originally could have been brought against Leach and DRI. Plaintiff argues further that the interest of justice would be served by transfer because, although it is not clear at this stage which state's law would apply, under any of the states' laws that most likely would be applied here, if the claims asserted against Leach and DRI were dismissed as opposed to transferred, Plaintiff would likely be time-barred from refiling his claims. *See* Fla. Stat. § 95.11(4)(d) (two year statute of limitations for wrongful death actions); Colo. Rev. Stat. Ann. §§ 13-80-102(1)(d), 13-80-111, 13-21-204 (two year statute of limitations for wrongful death actions, with a 90 day savings statute); Kan. Stat. §§ 60-513(a)(5), 60-518 (two year statute of limitations for wrongful death actions, with a six month savings statute); Del. Code Ann. tit. 10 §§ 8107, 8118 (two year statute of limitations for wrongful death actions, with a one year savings statute). Plaintiff adds that he chose to file suit in Florida because that is where the accident occurred, that is where much of the discovery critical to this

case must be conducted, *see generally* Doc. 107-2 ("Newman Decl."), and it is likely the only forum in which the case could have been brought against all ten defendants in a single consolidated action. Plaintiff finally notes that, in reliance on *Hatton v. Chrysler Canada, Inc.*, 937 F. Supp. 2d 1356 (M.D. Fla. 2013), he had a good faith belief that this Court could have exercised personal jurisdiction over all of the defendants, including Leach and DRI.

Neither Leach nor DRI disputes Plaintiff's assertion that he would likely be time-barred from refiling his claims against them in Delaware.[1] Further, neither Leach nor DRI has set forth evidence that litigating in Delaware would be unfairly prejudicial to either of them or would cause either of them to suffer any undue hardship. Finally, although DRI raises the specter of forum shopping, *see* Doc. 145 at 13, there is no evidence that Plaintiff has engaged, or is engaging, in any such bad faith tactics.

Under these circumstances, the Court finds that the interests of justice strongly favor transfer.[2] *See Clay v. AIG Aerospace Ins. Servs., Inc.*, Case No. 14-cv-235, 2014 WL 6469422, at *13 (M.D. Fla. Nov. 17, 2014) ("[D]istrict courts are strongly encouraged to transfer actions in cases such as this one where personal jurisdiction is lacking over a defendant and there is a reasonable probability that the plaintiff's claim would be time-barred if it were renewed in another court."); *accord Crowe v. Paragon Relocations Resources, Inc.*, 506 F. Supp. 2d 1113, 1126 (N.D. Fla. 2007) ("The interest of justice requires transfer of this case as opposed to dismissal because a dismissal would likely result in [plaintiff] being barred from later refiling his action in a court of

---

[1] Indeed, Leach states that it would agree to not assert a statute of limitations defense if this case were dismissed and if discovery were to establish that it designed, manufactured, or sold the relays at issue. *See* Doc. 152 at 9-10.

[2] Leach's proposed stipulation, *see* n.1, *supra*, does not change this calculus, as dismissing the claims asserted against Leach would greatly restrict Plaintiff's ability to conduct discovery on Leach. Moreover, imposing such requirements would result in a "trial within a trial" over what the discovery purports to establish, increasing the complexity of this already complex case.

proper jurisdiction due to the statutory [] filing period . . . ."); *D'Jamoos v. Pilatus Aircraft Ltd.*, Case No. 07-cv-1153, 2009 WL 3152188, at *3 (E.D. Pa. Oct. 1, 2009).

DRI argues that transfer under 28 U.S.C. § 1631 is nevertheless inappropriate for two reasons. *First*, DRI contends that the predicate want of "jurisdiction" in 28 U.S.C. § 1631 refers only to subject matter jurisdiction, and not personal jurisdiction. *Second*, DRI contends that, even if 28 U.S.C. § 1631 were to apply in situations where there was a want of personal jurisdiction, Plaintiff has not demonstrated that he originally filed his action in this Court for "very understandable reasons," as required by the Eleventh Circuit. *See, e.g.*, *ITT Base Servs. v. Hickson*, 155 F.3d 1272, 1276 (11th Cir. 1998).

The Court disagrees with DRI's contentions. *First*, the Court interprets 28 U.S.C. § 1631 as not being restricted to situations where there is a want of subject matter jurisdiction. It may also be invoked where there is a want of personal jurisdiction. In support of its position, DRI relies primarily on the fact that, in describing the problem intended to be solved by 28 U.S.C. § 1631, the legislative history discusses only concerns with confusion over subject matter jurisdiction. *See* S. Rep. 97-275 (1981) ("In recent years much confusion has been engendered by provisions of existing law that leave unclear which of two or more federal courts . . . have *subject matter jurisdiction* over certain categories of civil actions.") (emphasis added). That statement, however, does not necessarily weigh in favor of DRI's interpretation—indeed, such language could just as easily be interpreted to mean that Congress knew how to specify the type of jurisdictional defect to which 28 U.S.C. § 1631 was intended to apply, but ultimately chose to use broad language that would cover any type of jurisdictional defect. *See* Jeffrey W. Tayon, *The Federal Transfer Statute: 28 U.S.C. § 1631*, 29 S. Tex. L. Rev. 189, 224 (1987) ("The literal language of the statute [] is broad enough to encompass either [subject matter jurisdictional defects or personal jurisdictional

defects] . . . ."); *see also* S. Rep. 97-275 (1981) ("[T]he language of Part A of Title III is *broadly drafted* to permit transfer between any two federal courts.") (emphasis added).

The Court recognizes that some courts have adopted the interpretation of 28 U.S.C. § 1631 urged by DRI. *See, e.g.*, *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000). Other courts, however, have held to the contrary. *See, e.g.*, *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 284 (3d Cir. 1994); *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003); *Ross v. Colo. Outward Bound School, Inc.*, 822 F.2d 1524, 1526-27 (10th Cir. 1987). In the absence of binding precedent,[3] the Court will follow the latter opinions, which are more persuasive and more naturally align with the plain language of the statute. *Accord Crowe*, 506 F. Supp. 2d at 1125 n.23 ("Finding [28 U.S.C. § 1631] clear and unambiguous, the court agrees with the broader interpretation of the statute and concludes that § 1631 permits transfer of this case [where personal jurisdiction is lacking].").

*Second*, the Court finds that there is no requirement that, to obtain a transfer under 28 U.S.C. § 1631, a plaintiff must demonstrate that he or she brought the claim in the initial forum for "very understandable reasons." In so doing, the Court recognizes that the Eleventh Circuit has stated that transfer would be appropriate under 28 U.S.C. § 1631 if a claim were brought in the wrong court for "very understandable reasons." *See, e.g.*, *ITT Base Servs.*, 155 F.3d at 1276 (where the Benefits Review Board indicated in its final order that any appeals must be brought in the federal courts of appeal, and the appellant sought judicial review of a grant of total disability benefits in the federal courts of appeal, holding that subject matter jurisdiction instead rested with the district courts, and transferring the petition for review to the district court under 28 U.S.C. §

---

[3] The parties agree that neither the Eleventh Circuit nor the Supreme Court has addressed the scope of "jurisdiction" as used in 28 U.S.C. § 1631.

6

1631 because it had initially been brought in the federal courts of appeal "for very understandable reasons"). However, the Eleventh Circuit has never held that a party *must* satisfy this test to demonstrate that a transfer would be in the interest of justice.[4] Rather, although the "very understandable reasons" test may be sufficient, the plain language of the statute requires only that the transfer must be "in the interest of justice." *Accord Clay*, 2014 WL 6469422 at *13 (transferring a case under 28 U.S.C. § 1631 without employing the "very understandable reasons" test). And, for the reasons stated above, the Court finds that transfer would be in the interest of justice.

Separately, Leach urges the Court to "take a peek at the merits," and contends that, at least with regard to the claims asserted against it, transfer would not be in the interests of justice because those claims clearly lack merit. *See Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) ("[A] court can take a peek at the merits, since whether or not the suit has any possible merit bears significantly on whether the court should transfer or dismiss it. . . . If the limited review reveals that the case is a sure loser in the [transferee] court . . . then the court in which it is initially filed . . . should dismiss the case rather than waste the time of another court."). In support of its assertion, Leach submits the Declaration of Jose R. Muniz, a manager of sales applications at Leach, in which Mr. Muniz attests that "[Leach] did not design, manufacture, assemble, sell, supply, distribute or otherwise have any involvement with the relays on the Pilatus Model PC-12/47 aircraft involved in the incident out of which the Complaint arises." Doc. 67-1 ("Muniz Decl.") ¶¶ 2, 27. Rather, according to Mr. Muniz, the entity actually responsible for the relays was Leach International Europe, a distinct corporate entity incorporated under the laws of France. *Id.* ¶ 28.

---

[4] Indeed, it is not clear what, specifically, would constitute a "very understandable reason."

In response, Plaintiff objects to the Court's consideration of the Muniz Declaration, which remains untested at this stage in the proceedings. Plaintiff further adds that, even without the benefit of formal discovery, he has already adduced evidence that would show that Leach does in fact distribute or otherwise sell Pilatus relays and other equipment through an Internet website, and/or that would otherwise undermine a number of Mr. Muniz's sworn statements. *See, e.g.*, Doc. 73-1 (a form allowing a customer to submit a request for a quote for relays, directed to "Leach International, North America"). Plaintiff finally asserts that, although he generally objects to the Court's resolution of this issue at this stage in the proceedings, full discovery would be necessary to challenge the statements made in the Muniz Declaration.

The Court finds Plaintiff's position to be well-taken. To begin with, the Court agrees with Plaintiff that any "peek" it takes at the merits must be very limited. Having taken such a peek, the only thing clear to this Court is that there is a bona fide factual dispute over the identity of the entity responsible for the relays, and that the discovery necessary to resolve this dispute would be significant, including, for example, the deposition of Mr. Muniz, as well as the production of various categories of documents. The Court declines to order such discovery, which would be costly and inefficient at this stage in the proceedings.

For the reasons stated above, the Court cannot conclude that the case against Leach is a "sure loser." *Compare, e.g.*, *Daniel v. Am. Bd. of Emergency Medicine*, 428 F.3d 408, 436 (2d Cir. 2005) (transfer would not be in the interest of justice where the plaintiff's lack of standing had already been fully litigated in the district court); *Haugh v. Booker*, 210 F.3d 1147, 1150-51 (10th Cir. 2000) (transfer would not be in the interest of justice where habeas petitioner attempted to challenge the applicable law, but his only entitlement to relief would be a showing of actual innocence); *Phillips*, 173 F.3d at 611 (transfer would not be in the interest of justice where habeas

petitions were clearly untimely when filed); *Chandler v. Commander, Army Finance & Accounting Center*, 863 F.2d 13, 15 (5th Cir. 1989) (transfer would not be in the interest of justice where the plaintiff continued to file complaints in federal court despite being advised on multiple occasions that his dispute must first be brought in state court). Rather, it is clear that the merits of Plaintiff's claims against Leach are more appropriately resolved upon a summary judgment motion or at trial. The Court, therefore, finds that this factor does not militate against transfer.

In sum, the Court is unpersuaded by the arguments advanced by either DRI or Leach. Rather, the Court finds that the transfer of the claims asserted against both Leach and DRI is in the interest of justice, and is otherwise appropriate and proper under Federal Rule of Civil Procedure 21[5] and 28 U.S.C. § 1631.[6] Accordingly, it is hereby **ORDERED**:

1. Leach's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 67) is **GRANTED, in part**;

2. DRI's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 116) is **GRANTED, in part**;

3. Plaintiff's Second Alternative Motion to Sever and Transfer Venue (Doc. 119) is **GRANTED**; and

4. Plaintiff's claims against Leach and DRI are hereby **transferred** to the United States District Court for the District of Delaware.

---

[5] A court may "sever any claim against a party." Fed. R. Civ. P. 21.
[6] Having found transfer to be appropriate under 28 U.S.C. § 1631, the Court therefore need not (and does not) decide whether transfer would be appropriate under 28 U.S.C. §§ 1404(a) or 1406.

5. The Clerk is **directed** to transfer the claims asserted against Leach and DRI, only, to the United States District Court for the District of Delaware for all further proceedings.

6. As all claims in this action have been transferred to other district courts, the Clerk is directed to terminate all deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on April 20, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any