UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK EDWARDS, as Personal Representative of the Estates of Ronald Bramlage, deceased; Rebecca Bramlage, deceased; Brandon Bramlage, deceased, Boston Bramlage, deceased, Beau Bramlage, deceased; and Roxanne Bramlage, deceased,<br><br>Plaintiff,<br><br>v.<br><br>LEACH INTERNATIONAL, a Delaware corporation, and DRI RELAYS, INC., a Delaware corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 1:15-cv-00321-LPS<br>)<br>)<br>) (Dispositive Motion)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT DRI RELAYS, INC.'S MOTION TO RE-TRANSFER
WITH MEMORANDUM OF LAW IN SUPPORT**

Defendant, DRI RELAYS, INC. ("DRI Relays"), by and through undersigned counsel and pursuant to D. Del. LR 7.1.2, hereby files its Motion to Re-Transfer with Memorandum of Law in Support seeking an Order re-transferring this action to the United States District Court for the Middle District of Florida, Tampa Division, on the grounds that the original transfer based on 28 U.S.C. § 1631 was legally improper.[1]

**INTRODUCTION AND PROCEDURAL HISTORY**

---

[1]  The majority of Circuit Courts have held that a motion to re-transfer is an appropriate means of contesting and preserving for appeal any objection to a transfer between circuits. *See, Nascone v. Spudnuts, Inc.*, 735 F. 2d 763, 766 (3d Cir. 1984); *SongByrd, Inc. v. Estate of Grossman*, 206 F. 3d 172, 177 (2d Cir. 2000); *FDIC v. McGlamery*, 74 F. 3d 218, 221 (10th Cir. 1996); *U.S. v. Copley*, 25 F. 3d 660, 662 (8th Cir. 1994); *Brock v. Entre Computer Centers, Inc.*, 933 F. 2d 1253, 1257 (4th Cir. 1991); *Moses v. Business Card Express, Inc.*, 929 F. 2d 1131, 1136 (6th Cir. 1991); *Starnes v. McGuire*, 512 F. 2d 918, 924 (D.C. Cir. 1974); *National-Standard Co. v. Adamkus*, 881 F. 2d 352, 356 (7th Cir. 1989); *Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F. 2d 982, 989 (11th Cir. 1982); and *D'Ippolito v. American Oil Co.*, 401 F. 2d 764, 765 (2nd Cir. 1968).

This wrongful death action arises from the crash of a 2006 Pilatus PC-12/47 aircraft, which occurred on June 7, 2012 in the vicinity of Lake Wales, Florida. Plaintiff commenced this action in the U.S. District Court for the Middle District of Florida seeking damages for the wrongful deaths of those aboard the Pilatus aircraft against multiple Defendants, including DRI Relays. In response, DRI Relays moved for a dismissal for lack of personal jurisdiction [D.I. 116]. DRI Relays did not contest that venue was proper or that the Court lacked subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction).

Plaintiff did not contest DRI Relays' motion to dismiss for lack of personal jurisdiction. Rather, Plaintiff filed a motion to sever and transfer his claims against DRI Relays to this Court should the Florida District Court determine that personal jurisdiction was lacking against DRI Relays. [D.I. 119 and 137].

On February 12, 2015, the Florida District Court conducted a hearing on various pending motions, including DRI Relays' motion to dismiss for lack of personal jurisdiction and Plaintiff's motions to sever and transfer the claims to alternative fora should the Court find a lack of personal jurisdiction over his claims. At the commencement of the hearing, Plaintiff announced to the Florida District Court that he did not oppose DRI Relays' jurisdictional motion, but that Plaintiff sought a severance and transfer of his claims rather than a dismissal. The Court accepted Plaintiff's waiver of any opposition to DRI Relays' objection to personal jurisdiction, and then addressed the issue of transferring the various claims to an alternative forum – either Colorado or Delaware - presumably pursuant to 28 U.S.C. §§ 1404, 1406(a), 1631, or by consent of the various parties.

With respect to DRI Relays, Defendant announced that it was not in a position, at that time, to consent to any alternative forum. DRI Relays further stated that it opposed any transfer,

and specifically under 28 U.S.C. §§ 1406(a) or 1631 as those transfer provisions were not applicable under the circumstances. After the hearing, the Florida District Court entered an Order [D.I. 140] requiring Defendant, DRI Relays to advise the Court whether it would consent to a transfer to either Colorado or Delaware, and to file any opposition to such a transfer.

On February 23, 2015, DRI Relays filed its memorandum of law in opposition to Plaintiff's motion to transfer his claims against DRI Relays to any alternative forum.[2] [D.I. 145]. DRI Relays asserted that the requested transfer under 28 U.S.C. § 1631 was legally unavailable as this transfer statute is limited to circumstances, (1) where the transferor court lacked subject matter jurisdiction (as opposed to a want of personal jurisdiction), and (2) where Plaintiff's filing in the wrong court [Florida] was for "very understandable reasons," a minimum threshold that a Plaintiff must meet to satisfy the statutory requirement that the transfer would be "in the interest of justice," and which the Edwards/Plaintiff failed to meet. *See, Mokarram v. U.S. Attorney General*, 316 Fed. Appx. 949, 952 (11th Cir. 2009)(A transfer is "in the interest of justice" where the party filed a petition "in the wrong court for very understandable reasons.").

On April 20, 2015, the Florida District Court entered an Order [D.I. 153] finding that the Court lacked personal jurisdiction over DRI Relays, and transferred Plaintiff's claims against DRI Relays to the U.S. District Court for the District of Delaware under 28 U.S.C. § 1631. The Florida District Court found that Section 1631 may be invoked where there is a want of personal jurisdiction, and that there is no requirement that a plaintiff's error in filing his action in the wrong court must be for "very understandable reasons," as articulated by the Eleventh Circuit. *See also, ITT Base Services v. Hickson*, 155 F. 3d 1272, 1276 (11th Cir. 1998).

---

[2]   DRI Relays' memorandum of law also addressed the viability of a transfer under 28 U.S.C. §§ 1404(a), 1406(a), and 1631. As the Florida District Court ultimately transferred this action based solely on 28 U.S.C. § 1631, DRI Relays will not address whether a transfer under Sections 1404(a) or 1406(a) would be legally available.

On the following day, April 21, 2015, the action against DRI Relays was transferred to the U.S. District Court of Delaware [D.I. 154]. On April 22, 2015, the transferred case was opened in U.S. District Court of Delaware [D.I. 155].

## MEMORANDUM OF LAW

Defendant, DRI Relays contends that this action should be re-transferred to the transferor court, the U.S. District Court for the Middle District of Florida, Tampa Division, as the initial transfer was not legally available under 28 U.S.C. § 1631 on two grounds, to wit: (1) Section 1631 applies to want of subject matter jurisdiction, only, and not for want of personal jurisdiction; and (2) the transfer was not "in the interest of justice" under the circumstances.

**I.   Section 1631 Applies ONLY to Want of Subject Matter Jurisdiction**

Section 1631 of Title 28 of the United States Code, titled "Transfer to Cure Want of Jurisdiction," provides as follows:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with a such a court and that court finds that there is a **want of jurisdiction**, the court shall, **if it is in the interest of justice, transfer** such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred. (emphasis added).

To be clear, the federal courts are split on the critical issue before this Court, which is whether Section 1631's "want of jurisdiction" is limited to instances where the court lacks subject matter jurisdiction or should be broadly interpreted to also include instances where the court lacks any jurisdictional defects.

**A.   Third Circuit Legal Precedent Interpreting Scope of Section 1631**

4

Defendant, DRI Relays is not aware of any decisions from the United States Supreme Court, Third Circuit Court of Appeals, or the Eleventh Circuit Court of Appeals that have squarely addressed the scope of the term "jurisdiction" as used in 28 U.S.C. § 1631.  Defendant acknowledges that there are conflicting District Court opinions within the Third Circuit on this issue, including in the District of Delaware.

In *Nose v. Rementer*, 610 F. Supp. 191 (D. Del. 1985), the Delaware District Court addressed the transfer of a personal injury action from U.S. District Court for the District of Maryland.  The case involved a motor vehicle accident that occurred in Delaware. The lawsuit was filed in the District Court of Maryland on the basis of diversity of citizenship.  The Maryland court, however, ruled that it lacked personal jurisdiction over the Defendants, and transferred the action pursuant to Section 1631.  The Delaware court noted that the transfer based on Section 1631 was not proper as the transfer statute "appears from its legislative history to apply only to cases in which the transferor court lacks subject matter jurisdiction." *Id.* at 192 n. 2.  The Delaware court determined that the error in relying on Section 1631 as a basis for transfer was not material as the Maryland court could have properly transferred the action under 28 U.S.C. § 1404(a)(convenience of parties and witnesses). *Id.* at 192.

In contrast, this Court[3] in *Forest Laboratories Inc. v. Cobalt Laboratories, Inc.*, 2009 WL 605745, * 12 n. 10 (D.Del. 2009) came to a different conclusion as to the scope of 28 U.S.C. § 1631.  The case was a patent infringement action that involved Defendants that were contesting personal jurisdiction before the Delaware District Court.  As an alternative to a dismissal, Plaintiffs filed a motion to transfer under Sections 1406(a) and Section 1631.  The Court ultimately determined that there were insufficient contacts between the State of Delaware and

---

[3]     Honorable Leonard P. Stark authored the opinion/report and recommendation.

certain Defendants to provide the court with personal jurisdiction. Rather than recommending a dismissal of the action with respect to said Defendants, the Court determined that a transfer was appropriate pursuant to both Sections 1406 and 1631. *Id.* at *15. Specifically, in footnote 10 of the opinion, the Court stated that "regardless of how the legislative history appeared, the judicial construction – including by the Third Circuit – since the time of Judge Latchum wrote [in *Nose v. Rementer*] has been to apply Section 1631 more broadly." *Id.* at 12 N. 10.[4]

Defendant further acknowledges that there are Third Circuit cases in which the appellate court interpreted Section 1631 as permitting a transfer for want of personal jurisdiction. *See*, *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.,* 566 F. 3d 94 (3d Cir. 2009); *Renner v. Lanard Toys Ltd.*, 33 F. 3d 277 (3d Cir. 1994); *Mellon Bank v. DiVeronica Bros., Inc.*, 983 F. 2d 551 (3d Cir. 1993). However, upon review of the Third Circuit opinions, it is clear that the appellate court never addressed the issue presented to this Court – the scope of Section 1631 when taking the legislative history into account. Further, with respect to the *Renner* and *Mellon Bank* decisions, the appellate court's statements regarding the possible application of Section 1631 as authority to transfer the action where the court lacked personal jurisdiction were *dicta*.

The facts in the case of *D'Jamoos* are similar to the case at bar. The executors of the estates of passengers and the pilot who died in an aircraft accident involving a Pilatus PC-12 commenced a products liability action against Pilatus Aircraft Ltd (aircraft manufacturer) and certain component manufacturers. Pilatus Aircraft Ltd., a Swiss entity, moved for a dismissal for lack of personal jurisdiction, which the District Court granted in lieu of Plaintiffs' motion to transfer as an alternative to the dismissal. On appeal, the Third Circuit held that the District

---

[4] Citing, *Renner v. Lanard Toys Ltd.*, 33 F. 3d 277 (3d Cir. 1994); *Mellon Bank v. DiVeronica Bros., Inc.*, 983 F. 2d 551 (3d Cir. 1993).

Court had the authority to sever the claims against Pilatus and transfer them to an alternative forum, Colorado. The Third Circuit cited 28 U.S.C. § 1631 as authority for the transfer by noting that the transfer statute applied where there was a lack of personal jurisdiction. *Id* at 107 citing *Island Insteel Systems, Inc. v. Waters*, 296 F. 3d 200, 218, n. 9 (3d Cir. 2002).

In both *J'Amoos* and *Island Insteel*, the Third Circuit, however, did not address the scope of Section 1631, but rather summarily stated that said statute was available for transfers for a want of personal jurisdiction. In *J'Amoos*, the three (3) issues before the Third Circuit that related to a transfer under Section 1631 were: (1) whether the transferee court [Colorado] had personal jurisdiction over Pilatus in order to satisfy the statutory requirement that a transfer is only permitted to a court in which the case originally could have been brought; (2) whether a transfer to Colorado would be "in the interest of justice," and (3) whether the court could sever and transfer only the claims against Pilatus. It appears that Pilatus did not contest the transfer pursuant to 28 U.S.C. § 1631 on the basis that a transfer under Section 1631 was limited to instances where the court lacked only subject matter jurisdiction. Thus, the *J'Amoos* court did not address the issue.

In *Island Insteel*, the case relied upon in *J'Amoos*, the Plaintiffs failed to even request a transfer of the case pursuant to 28 U.S.C. § 1631. The *Island Insteel* opinion merely noted, in *dicta*, that the District Court had the authority to transfer the case for lack of personal jurisdiction under Section 1631 without any further analysis. Accordingly, the Third Circuit's opinion in *Island Insteel* does not provide any insight on the issue before this court regarding the scope of 28 U.S.C. 1631.

In both *Renner* and *Mellon Bank*, the Third Circuit was reviewing a District Court's ruling on a Defendant's motion to dismiss for lack of personal jurisdiction. In *Renner*, the trial

court granted the motion and dismissed the case for lack of personal jurisdiction. On appeal, the Third Circuit noted that the Plaintiff did not have an opportunity to conduct jurisdictional discovery prior to the dismissal. As such, the Third Circuit vacated the District Court's order dismissing the action and remanded the case so that the Plaintiff could conduct discovery. The appellate court commented that, should the Plaintiff fail to show the requisite minimum contacts to support a finding of personal jurisdiction over the Defendant, the District Court may consider whether it would be appropriate to transfer the case to New York pursuant to 28 U.S.C. § 1406 or 28 U.S.C. § 1631, without further analysis. Clearly, the Third Circuit's comments regarding a possible transfer under Section 1631 was *dicta*.

In *Mellon Bank*, the trial court denied Defendant's motion to dismiss for lack of personal jurisdiction. On appeal, the Third Circuit held that the District Court did not have personal jurisdiction over the Defendant, and reversed the judgment in favor of the Plaintiff. In a footnote to the Third Circuit's order reversing the District Court, the appellate court suggested that the District Court may transfer the case pursuant to 28 U.S.C. § 1631. Again, the Third Circuit's comment concerning a transfer under Section 1631 was *dicta*, similar to the *Renner* opinion.

Again, and most importantly, the Third Circuit opinions in *D'Jamoos*, *Renner* and *Mellon Bank* did not address the issue before this Court of whether Section 1631 should be limited to instances where the court lacks subject matter jurisdiction. There is no indication that the Third Circuit ever considered the split in the Circuits (and within the Third Circuit) on whether a transfer under 28 U.S.C. § 1631 is appropriate when a court lacks personal jurisdiction or considered the legislative history to determine the appropriate scope of Section 1631. This is not surprising as this distinct legal issue was never before the Third Circuit in any of the aforementioned cases.

### B. Legislative History Confirms that Section 1631 is Limited to Want of Subject Matter Jurisdiction

The legislative history related to 28 U.S.C. § 1631 conclusively demonstrates that the ambiguity created by the generic use of "jurisdiction," should be resolved in favor of a narrow interpretation that Congress was addressing only concerns over defects in subject matter jurisdiction. The Senate Report specifically referred to subject matter jurisdiction only, while explaining the purpose of this transfer statute. *See*, S. Rep. 97-275, 1st Session 1981, 1982 U.S.C.A.A.N. at 11. In the Senate Report, Congress recognized that parties were experiencing significant confusion over existing laws that left "unclear which of two or more federal courts including courts at both the trial and appellate level - - have *subject matter* jurisdiction over certain categories of civil actions." (emphasis added). *Id.* Congress further recognized that such confusion was leading to additional expenses to the parties and increased burdens on the courts as a result of dual or duplicative filings to protect the litigant from an unnecessary risk of being without a remedy due to an erroneous filing in a court that lacked subject matter jurisdiction. *Id.* Clearly, Congress enacted Section 1631 to provide the federal district courts and circuit courts the authority to remedy, should it be in the interest of justice, a situation where a party for understandable reasons filed his or her claim in a court that lacked subject matter jurisdiction by transferring the case rather than granting a dismissal.

In explaining the purpose of 28 U.S.C. § 1631 in the Senate Report, Congress never mentioned a concern for a litigant's confusion or error in filing a civil action or petition for appellate review in a division or district where the court lacked personal jurisdiction over the defendant or respondent. Further, by including a *petition for appellate review* in the statute, common sense dictates that 28 U.S.C. § 1631 is addressing subject matter jurisdiction issues as

the statute focuses on jurisdictional defects *at the time of filing* a petition for appeal – a time where personal jurisdiction would not be at issue.

To provide more context, 28 U.S.C. § 1631 was enacted as a part of the Federal Courts Improvement Act of 1982, which established the United States Court of Appeals for the Federal Circuit ("Federal Circuit") and the United States Claims Court, a trial forum.  More importantly, the Federal Circuit was created differently from the other Federal Courts of Appeals in that its jurisdiction was and is defined in terms of *subject matter* rather than geography.  The purpose was to create one nationwide appellate court, the Federal Circuit, to avoid inconsistent decisions that inevitably occur when twelve geographical U.S. Courts of Appeals make rulings on the very same issues over the course of many years involving certain areas of federal law – such as patent and trademark law.  In other words, Congress recognized the need for national uniformity in certain areas of law, and established the Federal Circuit under the Federal Courts Improvement Act of 1982 to fulfill that need.  *See,* S. Rep. 97-275 * 1-3.

As a part of the Federal Courts Improvement Act of 1982, which established the new appellate Federal Circuit and the trial-level U.S. Claims Court and enumerated the areas of national law that these courts shall have exclusive [subject matter] jurisdiction, Congress included Section 1631 to provide the federal courts with the authority to transfer a civil action [at the trial or appellate level] pending in a court that lacked [subject matter] jurisdiction to a forum in which the action or appeal could have been brought at the time it was filed or noticed for appeal.  *See*, Federal Courts Improvement Act of 1982, Public Law 97-164.

Again, it is clear that Congress enacted 28 U.S.C. § 1631 to provide litigants relief from an understandable misfiling of an action or notice of appeal in a federal court that lacked jurisdiction over the subject matter in the form of a transfer, if it is in the interest of justice, to a

10

proper federal court. There is no evidence to even suggest that Congress in passing Section 1631 was concerned about confused litigants that filed a cause of action in the court that lacked personal jurisdiction over an individual or corporate defendant. The following language contained in the Senate Report should resolve any doubt this Court may have, as follows:

> Title [sic] III – Jurisdiction and Procedure. Transfer of Cases. In recent years much confusion has been engendered by provisions of existing law that leave unclear which of two or more federal courts including courts at both the trial and appellate level – have **subject matter** jurisdiction over certain categories of civil actions. The problem has been particularly acute in the area of administrative law where *misfilings and dual filings* have become commonplace. The uncertainty in some statutes regarding which court has *review authority* creates an unnecessary risk that a litigant may find himself without a remedy because of a lawyer's error or a technicality of procedures.
>
> At present, the litigant's main protective device, absent an adequate transfer statute, is the wasteful and costly one of filing in two or more courts at the same time. This puts increased burdens on the courts as well as on the parties.
>
> Although most problems in this regard related to controversies involving the district courts and the court of appeals, there also have been cases involving the Court of International Trade, and the temporary emergency court of appeals. Therefore, the language of Part A of Title III is broadly drafted to permit transfer between any two federal courts.[5] S. Rep. 97-275 (1981).

Consistent with the language, purpose, and Congress' intent when enacting the Federal Courts Improvement Act of 1982 which created the Federal Circuit and enumerated the Court's exclusive subject matter jurisdiction, and included 28 U.S.C. § 1631, Plaintiff's claims against Defendant, DRI Relays are not transferable pursuant to Section 1631 as this Court does not lack subject matter jurisdiction over said claims.

---

[5] Of note, Congress' language was *broadly* drafted to permit "the transfer between *any* two federal courts," but not *broadly* drafted to permit transfer for *any type of* jurisdictional defect as some courts have suggested by taking the "broadly drafted" language contained in the Senate Report out of context. See, *Roman v. Ashcroft*, 340 F. 3d 314, 328 (3d Cir. 2003) citing *Ross v. Colo. Outward Bound Sch., Inc.*, 822 F. 2d 1524, 1526-27 (10th Cir. 1987).

## II.     Transfer was Not in the "Interest of Justice" in this Instance

In order for the Plaintiff to avail himself of a transfer under 28 U.S.C. § 1631, he must demonstrate that such a transfer is "in the interest of justice." In the context of Section 1631, the Eleventh Circuit has held that a transfer is "in the interest of justice" where a party filed his claim in the wrong court for "very understandable reasons" and a filing in the appropriate court would now be time-barred. *Mokarram v. U.S. Attorney General*, 316 Fed. Appx. 949, 952 (11th Cir. 2009) citing *ITT Base Services v. Hickson*, 155 F. 3d 1272, 1276 (11th Cir. 1998). Thus, the threshold Plaintiff must satisfy is a showing that his filing in this [wrong] court due to the lack of personal jurisdiction was for "very understandable reasons." This is a threshold that the facts and circumstances will not support in this instance.

Again, Congress' rationale for enacting Section 1631 was in response to "much confusion . . . engendered by provisions of existing law that leave unclear which of two or more federal courts including courts at both the trial and appellate level – have subject matter jurisdiction over certain categories of civil actions." S. Rep. 97-275 (1981) at *11. Congress recognized that "most of the problems in this regard relate to controversies involving the district courts and the court of appeals." *Id.* The case of *ITT Base Services v. Hickson*, 155 F. 3d 1272 (11th Cir. 1998) illustrates Congress' intent by passing Section 1631 and the Eleventh Circuit's application of the "very understandable reasons" test to determine whether a transfer is "in the interest of justice."

In *ITT Base Services*, an employee [Hickson] applied for total disability benefits under the Defense Base Act ("DBA") for injuries while working on a U.S. naval base. *Id.* at 1273. The employer [ITT Base Services] asserted that a provision of the Longshore and Harbor Workers' Compensation Act ("LHWCA") applied and afforded it relief from liability for Hickson's

12

injures. *Id.* Upon a hearing, the administrative law judge awarded Hickson permanent total disability benefits and concluded that his employer was not entitled to relief from liability under LHWCA. *Id.* The employer appealed this decision to the Benefits Review Board ("Board"). The decision was affirmed by the Board. *Id.*

The employer filed a petition for review in the Eleventh Circuit Court of Appeals believing that a judicial review of a compensation order under the DBA is within the jurisdiction of the federal courts of appeal. Further, the Board's final order indicated that any appeals should be brought in the U.S. courts of appeal. *Id.* at 1276. In response, the employee moved to dismiss the appeal for lack of subject matter jurisdiction based on the argument that a judicial review of compensation orders under the DBA lays with the U.S. district courts. *Id.* at 1274. The Eleventh Circuit, in determining the appropriate court, noted that the federal circuit courts were divided on this very issue, but ultimately held that subject matter jurisdiction for such a judicial review under the DBA rested with the district courts. *Id.* at 1274-1275.

After finding that the Court lacked subject matter jurisdiction, the Court focused on whether a transfer under Section 1631 was appropriate and in the "interest of justice." *Id.* at 1275-1276. In doing so, the Eleventh Circuit adopted the Fourth Circuit's reasoning in *Lee v. Boeing*, 123 F. 3d 801 (4th Cir. 1997). *Id.* at 1276. In *Lee v. Boeing*, the very same issue was before the court in that a DBA appeal was filed in a federal court of appeals, and not in the federal district court. The Fourth Circuit found that subject matter jurisdiction was lacking, and transferred the appeal to the proper federal district court. The Fourth Circuit determined that because the Board had incorrectly directed the petitioner to file his appeal in the federal circuit court, the transfer was in the "interest of justice." *Id.* at 807-808.

13

The Eleventh Circuit, in *ITT Base Services*, reasoned that like the petitioner in *Lee v. Boeing*, the employer [ITT Base Services] filed its notice of appeal in the wrong court for *very understandable reasons* since the Board's final order provided that any appeals should be brought in the U.S. courts of appeal. The Court also noted that any subsequent appeal would probably be time-barred should the Court dismiss the case. *ITT Base Services* at 1276. The Court concluded that under these circumstances, a transfer under 28 U.S.C. § 1631 was in the "interest of justice." *Id.*[6]

Defendant, DRI Relays acknowledges that the Third Circuit has not specifically adopted a "very understandable reasons" test as articulated in the Eleventh Circuit. Notwithstanding, a review of the U.S. Supreme Court's analysis on when a transfer of a misfiled action is "in the interest of justice" is instructive. *Goldlawr v. Heiman*, 369 U.S. 463 (1962)(construing the same language – "in the interest of justice" – in transfer statute, 28 U.S.C. §1406(a)).

In *Goldlawr*, the Court stated, "[I]f by reason of the uncertainties of proper venue a mistake is made, Congress, by enactment of [Section] 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities." *Id.* at 466-467. Thus, by implication, the determination of whether a transfer in the interest of justice is appropriate turns on whether the mistake was due to an erroneous guess with regard to an elusive fact or because the mistake was an error due to a lack of diligence in choosing the proper forum. *Stanifer v. Brannan*, 564 F. 3d

---

[6] Since *ITT Base Services*, the Eleventh Circuit has applied the "very understandable reasons" test to determine whether a transfer under Section 1631 was "in the interest of justice" where the party filed an action or notice of appeal in the wrong court. *See, e.g., Mokarram v. U.S. Attorney General*, 316 Fed. Appx. 949 (11th Cir. 2009)(Court held that petitioner's filing in the wrong court [district court] was for very understandable reasons as petitioner was unaware of a final order which conferred jurisdiction to the court of appeals.).

14

455, 458-459 (6th Cir. 2009) citing *Nichols v. G.D. Searle & Co.*, 991 F. 2d 1195, 1201 (4th Cir. 1993); *Spar, Inc. v. Info. Res., Inc.*, 956 F. 2d 392, 394 (2d DCA 1992)(a transfer rewarding plaintiffs for their lack of diligence in choosing a proper forum is not in the interest of justice).

In the case at bar, Plaintiff failed to make a satisfactory showing that his action against DRI Relays was properly brought in Florida. Plaintiff contends that he cannot be faulted for filing suit in Florida on the sole basis that the accident occurred in Florida. The mere fact that a Pilatus PC-12 crashed, by chance, in Florida during a flight from the Bahamas to Kansas, without more, does not provide a reasonable basis to believe that a Florida court has personal jurisdiction over a Delaware corporation with its principal place of business in New York. This fact, alone, does not provide any factual support to satisfy specific or general personal jurisdiction under Florida's Long-Arm Statute, or the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

In sum, Plaintiff has failed to demonstrate that he had a very understandable reason for filing in the wrong court with respect to DRI Relays to justify a transfer under 28 U.S.C. § 1631 in the "interest of justice." There can be no doubt that such an outcome was not Congress' intent when it enacted Section 1631 as a part of the Federal Courts Improvement Act of 1982. Accordingly, the original transfer was improper.

**WHEREFORE**, for the foregoing reasons, Defendant, DRI Relays, Inc. respectfully requests that this Honorable Court grant its Motion to Re-Transfer and enter an Order re-transferring this action against DRI Relays, Inc. to the original, transferor court, the U.S. District Court for the Middle District of Florida, Tampa, Florida, and such other relief this Court deems just and proper.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

*/s/ Art C. Aranilla*
J. Scott Shannon (3434)
Art C. Aranilla (4516)
1007 N. Orange Street, Ste. 600
Wilmington, DE 19801
(302) 552-4300
jsshannon@mdwcg.com
acaranilla@mdwcg.com

**Of Counsel**
J. Bruce McKissock
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street
Philadelphia, PA 19103
(215) 575-4553

**Of Counsel**
J. THOMPSON THORNTON
Fla. Bar No. 356107
thornton@tdflaw.com
**DAVID A. WAGNER**
Fla. Bar No. 102611
wagner@tdflaw.com
**THORNTON, DAVIS & FEIN, P.A.**
Brickell City Tower
80 S.W. 8th Street, Suite 2900
Miami, FL  33130
Tel:  305-446-2646; Fax: 305-441-2374

*Attorneys for Defendant DRI Relays, Inc.*

Dated:  May 11, 2015