IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK EDWARDS, as Personal Representative :
of the Estates of Ronald Bramlage, deceased; :
Rebecca Bramlage, deceased; Brandon Bramlage, :
deceased; Beau Bramlage, deceased; and Roxanne :
Bramlage, deceased, :
:
        Plaintiff, :
:
v. : Civ. No. 15-321-LPS
:
LEACH INTERNATIONAL, a Delaware :
corporation; and DRI RELAYS, INC., a Delaware :
corporation, :
:
        Defendants. :

**MEMORANDUM ORDER**

At Wilmington this **18th** day of **November, 2015**;

**IT IS HEREBY ORDERED** that:

1.      Plaintiff Mark Edwards ("Plaintiff"), as Personal Representative of six deceased members of the Bramlage family, filed this case against Defendants Leach International ("LIC") and DRI Relays, Inc. ("DRI") (collectively, "Defendants"), as well as eight other defendants, on June 4, 2014 in the United States District Court for the Middle District of Florida. (D.I. 1) Plaintiff alleged wrongful death arising from the June 7, 2012 crash of a 2006 Pilatus PC-12/47 aircraft in Lake Wales, Florida, allegedly caused by a defective condition of the aircraft's flight control systems. (*Id.*) After Defendants moved to dismiss for lack of personal jurisdiction, Plaintiff moved to sever and transfer the actions to either this District or the District of Colorado. (D.I. 109, 119, 137) On April 20, 2015, the Middle District of Florida found that it lacked

1

personal jurisdiction over Defendants and transferred Plaintiff's claims against Defendants to this Court pursuant to 28 U.S.C. § 1631. (D.I. 153)[1] Pending before the Court are DRI's motion to re-transfer to the Middle District of Florida (D.I. 160),[2] LIC's motion for summary judgment (D.I. 171), and Plaintiff's motion to coordinate discovery with the District of Colorado (D.I. 178).

2. DRI's motion to re-transfer to the Middle District of Florida is premised on its view that the legislative history of § 1631 suggests this statutory basis for transfer is available only when a transferor court lacks *subject matter* jurisdiction. (*See* D.I. 160 at 9-11) (citing S. Rep. 97-275 (1981), *reprinted in* 1982 U.S.C.A.A.N. 11) DRI points to a circuit split and "conflicting District Court opinions within the Third Circuit" on the issue of whether § 1631 is also available as a basis for transfers from a court that originally lacked *personal* jurisdiction. (*See* D.I. 160 at 1-2) This Court has held that § 1631 *is* available as a basis for transfers from a transferor court that lacked personal jurisdiction. *See Forest Labs Inc. v. Cobalt Labs Inc.*, 2009 WL 605745, at *12 n10 (D. Del. Mar. 9, 2009) ("With respect to Section 1631, it is true . . . that former-District Court Judge Latchum wrote that this section 'appears from its legislative history to apply only to cases in which the transferor court lacks subject matter jurisdiction,' and not to a lack of personal jurisdiction. *Nose v. Rementer*, 610 F. Supp. 191, 192 n.1 (D. Del. 1985). But this was dicta – Judge Latchum's holding was to deny the requested transfer because the applicable statute of limitations had already run. More importantly, regardless of how the

---

[1] The claims against all other defendants named in the Middle District of Florida were transferred to the District of Colorado.

[2] Defendant LIC has not joined DRI's motion to re-transfer.

2

legislative history appeared, the judicial construction – including by the Third Circuit – since the time Judge Latchum wrote has been to apply Section 1631 more broadly.").[3] The Third Circuit's cases support this conclusion. *See D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 109 (3d Cir. 2009) (stating that transfer under § 1631 based on personal jurisdiction partially satisfied requirements of § 1631); *see also Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218, n.9 (3d Cir. 2002); *Renner v. Lannard Toys Ltd.*, 33 F.3d 277 (3d Cir. 1994); *Mellon Bank (East) PSFS N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551 (3d Cir. 1993).

3. DRI further contends that transfer to this District was not "in the interest of justice," which is also a requirement of § 1631. The Court disagrees. "[N]ormally transfer will be in the interest of justice because [] dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 507 (E.D. Pa. 2004) (quoting *Goldlawr*, 369 U.S. at 467) (alteration in original; internal quotation marks omitted). The presumption in favor of transfer can be rebutted if transfer would "unfairly benefit the proponent," "impose an unwarranted hardship on an objector," or "unduly burden the judicial system." *D'Jamoos v. Pilatus Aircraft Ltd.*, 2009 WL 3152188, at *3 (E.D. Pa. Oct. 1, 2009). None of these circumstances are present here, particularly considering that DRI, by its motion, requests re-transfer to a district in which it objected to personal jurisdiction.

---

[3]In *Nose*, 610 F. Supp. at 192, Judge Latchum nevertheless found that any error in relying on § 1631 was immaterial because the transferor court could have properly transferred the action under 28 U.S.C. § 1404(a). Similarly, here, even if § 1631 were unavailable as a basis for transfer, the Middle District of Florida could have transferred the action under § 1406(a), which "is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

3

Importantly, Plaintiff here acted in good faith in filing in the Middle District of Florida – where the crash giving rise to this lawsuit took place, and where "considerable discovery and investigation will have to take place." (D.I. 166 at 10) *See generally Forest Labs.*, 2009 WL 605745, at *13 (emphasizing good faith in "interest of justice" analysis). Even applying the Eleventh Circuit's standard, this is a "very understandable reason" for Plaintiff to have originally filed the action in the Middle District of Florida. *See ITT Base Servs. v. Hickson*, 155 F.3d 1272, 1276 (11th Cir. 1998); *Mokarram v. U.S. Attn'y Gen.*, 316 Fed. App'x 949 (11th Cir. 2009). The Court is persuaded that transfer of this action to this Court was in the interest of justice.

4. Moreover, "[a] transfer order from a coordinate court should only be reversed upon a showing of 'manifest error' or 'unusual circumstances.'" *Holland v. Consol. Rail Corp.*, 1998 WL 414722, at *1 (E.D. Pa. July 22, 1998) (citing *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162 (3d Cir. 1982); *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1998) ("If the motion to transfer is granted and the case is transferred to another district, the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer except under the most impelling and unusual circumstances or if the transfer order is manifestly erroneous.") (internal quotation marks and citation omitted)). A coordinate court's "transfer order is the law of the case. Under the law of the case doctrine, once an issue is decided, it cannot be relitigated in the same case, absent unusual circumstances. The law of the case doctrine applies with even greater force to transfer decisions . . . ." *Holland*, 1998 WL 414722, at *1 (internal quotation marks and citations omitted). Thus, DRI's motion to re-transfer is **DENIED**.

5. LIC moves for summary judgment based on its contention that it did not "design,

manufacture, assemble, or sell the relays alleged to have been a cause of the airplane accident that is the subject of this civil action." (D.I. 171 at 1-2) Specifically, LIC insists that its "business records show that it did not sell the particular model of relay to *any customer* since the particular relays were manufactured." (D.I. 179 at 5) (citing D.I. 174; D.I. 174 Ex. 1; D.I. 174 Ex. 2) Plaintiff responds that the Court cannot grant summary judgment on this basis without first permitting Plaintiff to take limited discovery – which has not yet begun – directed at the design, manufacture, and sale of the subject relays, as well as LIC's relationship with its parent, Esterline, and its European sister corporation, Leach International Europe, S.A. (D.I. 176 at 5-6) Plaintiff believes this discovery will reveal evidence that LIC "sold the subject relays or [was], at a minimum, within the stream of commerce so as to give rise to liability under the doctrine of strict liability," and that LIC "bears joint venture liability" due to its relationship with its sister corporation. (*Id.* at 16) In its Reply Brief, LIC states that it "does not object to a period of discovery lasting 60 days during which discovery is limited to the issue of whether LIC designed, manufactured, assembled, or sold the two relays." (D.I. 179 at 6)

6. The Court concludes that granting limited discovery, followed by an opportunity for LIC to renew its motion for summary judgment and for the parties to brief the matter with the benefit of such discovery, is the best exercise of its discretion under the circumstances. *See generally Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015). Accordingly, LIC's motion for summary judgment is **DENIED WITHOUT PREJUDICE** to renew after completion of the limited discovery to be authorized upon entry of a scheduling order, as further explained below.

7. Plaintiff's motion to coordinate focuses on two issues impacting the ability of the District of Colorado action to move forward – inspections and confidentiality of discovery – and

5

a third issue, choice of law, which could benefit from joint briefing. First, with respect to inspections, Plaintiff explains that because "[t]he District of Colorado has entered an order limiting its parties to 'visual only' inspections," when those parties inspected the wreckage in July 2015 "no testing of any kind was performed and a number of suspect components were not visually examined because they could not be observed without disassembly." (D.I. 178 at 4-5) Thus, "[c]oordination between the courts will hopefully allow progress on the destructive testing and advanced examinations." (*Id.* at 5) Defendants respond that the parties are in the process of conferring regarding coordination of destructive testing. (D.I. 183 at 2) As this Court has not yet authorized any inspections of the wreckage, and as the parties are conferring, there is no need at this time for a Court order to coordinate destructive testing. With respect to confidentiality of discovery in the District of Colorado, Plaintiff explains that the District of Colorado's Confidentiality Order "prohibits involvement of this court's parties in any Colorado proceedings or discovery if confidential information is to be discussed" and "prevents Delaware Defendants Leach [i.e., LIC] and/or DRI from using the Colorado documents or transcripts to advance or defend a motion, or at trial, and bars them from key depositions." (D.I. 178 at 5) Plaintiff does not request any specific form of relief with respect to either this issue or the issue of coordinated briefing on choice of law.

8. Plaintiff's motion to coordinate is **DENIED WITHOUT PREJUDICE**. The Court believes the issues raised by Plaintiff's motion are best handled in the scheduling process. Thus, the parties shall meet and confer and include in their proposed scheduling order any specific provisions they propose to include with respect to the issues implicated by the Court's order today. The Court will address these issues with the parties (if necessary) when it holds a

Rule 16 scheduling conference.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that DRI's motion to re-transfer (D.I. 160) is **DENIED**, Plaintiff's request for limited discovery (D.I. 176 at 5-6) is **GRANTED** subject to specifics to be established in the scheduling order, LIC's motion for summary judgment (D.I. 171) is **DENIED WITHOUT PREJUDICE** to renew following completion of the limited discovery to be authorized by the scheduling order, and Plaintiff's motion to coordinate (D.I. 178) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the November 24, 2015 hearing, which was to address the pending motions, is **CANCELLED**.

**IT IS FURTHER ORDERED** that the parties shall confer regarding proposed dates in the scheduling order and shall submit a proposal to the Court no later than **December 1, 2015**. The parties' proposed schedule shall be consistent with the Court's form scheduling order, which is posted at http://www.ded.uscourts.gov (see Chambers, Chief Judge Stark, Forms), as well as today's order entered in this case.

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE